## ULYSSES J. BURRIDGE, ET AL
### vs.
### JOSEPH FIELD

| | | |
|---|---|---|
| Superior Court | New London County | File #10609 |
| Present: | Hon. ALLYN L. BROWN, Judge. | |
| John Gallagher, | Attorney for the Plaintiff. | |
| Samuel Gruskin, | Attorney for the Defendant. | |

### MEMORANDUM FILED MARCH 19, 1935.

BROWN, J. Under their prayers for relief in this action, the plaintiffs seek (1) to be repossessed of real estate in Mystic including the building thereon, heretofore used as a laundry, and certain enumerated personal property used in connection therewith, and (2) $3,000. damages. It is undis-

puted upon the evidence that on May 27, 1933, the plaintiffs, as owners of said property, delivered possession thereof, pursuant to the instrument "**Exhibit B**" annexed to the complaint, which is "**Exhibit C**" in evidence, and that in July, 1934, "Joseph G. Geisler & Co." to whom possession was so given, defaulted in the performance of the agreement.

I find that Joseph G. Geisler in negotiating this agreement with the plaintiffs, was acting for himself and the defendant as partners, his participation as it affected the latter being analogous to that of an agent for an undisclosed principal. I further find that the defendant had full knowledge of the terms of the transaction both when it was consummated and when he subsequently acquired Geisler's interest. So far as the issues of this case are concerned therefore, the defendant is a "vendee of the personal property in question under #4699 of the General Statutes, and he is bound by the provisions of the conditional sale evidenced by **Exhibit C.**

While **Exhibit C** affords a splendid example of the unwisdom of the parties' failure to employ a competent scrivenor to give expression to their agreement, in the light of its terms and all of the circumstances, I find that the agreement was, that a default of three days upon the part of the vendees to perform, should result in a forfeiture of their interest in the property at the vendors' election and entitle the latter to forthwith resume possession thereof, the monthly payments of $100. up to such time constitute liquidated damages. By **Exhibit D** in evidence the plaintiffs on August 10, 1934, exercised such election.

The monthly payments due from the vendees under the contract were made until July 1, 1934. Of the $100. then due, but $58 was paid. Of the $100 due August 1, 1934, nothing was paid. Upon receiving notice of the plaintiffs' election by **Exhibit D** above referred to, the defendant wrongfully refused to surrender possession of the property to the plaintiffs. I find $75. per month to be the reasonable value of the use thereof. Under their claim for damages, the plaintiffs are entitled to recover $158. as liquidated damages, and $425. for the seven months during which the defendant has wrongfully kept the plaintiffs out of possession.

Judgment may be entered for the plaintiffs for (1) possession of the premises and personal property, and (2) $583. damages, plus costs of suit.